IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARION CHAD SPEARS**                                                          **PETITIONER**

v.                                                          Civil No. 3:22-cv-201-TSL-BWR

**SUPERINTENDENT BRAND
HUFFMAN**                                                                          **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the [6] Motion to Dismiss the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Respondent Superintendent Brand Huffman. Petitioner Marion Chad Spears has filed a [8] Response, and Respondent a [12] Reply. Petitioner filed a [20] Response in Opposition to Respondent's [12] Reply without leave of the Court. Also before the Court is Petitioner's [10] Motion for Evidentiary Hearing. Respondent has filed a [13] Response in Opposition to both. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends granting the [6] Motion to Dismiss and dismissing the [1] Petition with prejudice. The undersigned further recommends denying the [10] Motion for Evidentiary Hearing.

### I. BACKGROUND

On November 9, 2010, Petitioner was found guilty by a jury in the Circuit Court of Neshoba County, Mississippi, Eighth Judicial District, on one count of kidnapping in violation of Mississippi Code Annotated § 97-3-53 ("Count One"), one count of strong armed robbery in violation of Mississippi Code Annotated § 97-3-73 ("Count Two"), and one count of carjacking in violation of Mississippi Code Annotated

1

§ 97-3-117(1) ("Count Three"). *See* R. [7-1] at 6-7; 25-27. The Circuit Court sentenced Spears to serve fifteen years in the custody of the Mississippi Department of Corrections on Count One, fifteen years on Count Two to run consecutive to the sentence imposed in Count One, and fifteen years on Count Three to run consecutive to the sentences imposed in Count One and Count Two. *Id*. at 26-27.

Spears, through counsel, moved for a new trial, *see id*. at 30-31, but his motion was denied on December 10, 2010, *id*. at 33. Spears appealed, *id*. at 35-36; *see also* [7-5] at 1-28, and the Mississippi Supreme Court affirmed his conviction and sentence on April 5, 2012, R. [7-4] at 21, 23.

On June 16, 2016, over four and a half years after the Mississippi Supreme Court affirmed his conviction and sentence, Spears signed an "Application for Post-Conviction Relief or, in the Alternative, for Leave to Proceed in the Trial Court on Motion to Vacate Judgment and Sentence" ("PCR Application") which was filed with the Mississippi Supreme Court on June 24, 2016. R. [7-6] at 368-403. The Mississippi Supreme Court dismissed Spears's PCR Application on August 24, 2016, on the ground that the PCR Application was time barred under Mississippi Code Annotated § 99-39-5. *Id*. at 125.

On August 2, 2021, Spears signed a second PCR Application, accompanied by a Motion for Post-Conviction Collateral Relief, which was filed with the Mississippi Supreme Court on January 31, 2022. *Id*. at 86-123. The Mississippi Supreme Court denied Spears's second PCR Application on September 27, 2021, as time barred. *Id*.

at 84-85. The Mississippi Supreme Court further found Spears's claims meritless and frivolous. *Id.*

On January 25, 2022, Spears signed a third PCR Application, accompanied by a Motion for Post-Conviction Collateral Relief, which was filed with the Mississippi Supreme Court on January 31, 2022. *Id.* at 19-81. The Mississippi Supreme Court denied Spears's third PCR application on March 3, 2022, as time barred. *Id.* at 17-18. Spears subsequently filed a "Motion to Amend Order," *id.* at 3-15, which the Mississippi Supreme Court construed as a request to reconsider the denial of Spears's third PCR Application, *id.* at 2. The Mississippi Supreme Court denied the motion on the ground that reconsideration was not permitted under Mississippi Rule of Appellate Procedure 27. *Id.* at 2.

On April 12, 2022, Spears signed his 28 U.S.C. § 2254 Petition, which was filed on April 18, 2022. Pet. [1]. Spears stated the grounds for relief raised in his second PCR Application and accompanying motion for post-conviction relief as the grounds for relief in his [1] Petition. *Id.* at 5.

Respondent has filed a [6] Motion to Dismiss arguing that Spears's [1] Petition is time barred under 28 U.S.C. § 2244(d). *See* Mot. [13] at 4-14. Spears has filed a [8] Response in Opposition arguing that his [1] Petition is not untimely because his third PCR Application was not filed with the Mississippi Supreme Court until January 31, 2022. Resp. [8] at 2. Spears further argues that his ineffective assistance of counsel claim is sufficient to overcome the time bar. *Id.* at 7-10. Respondent filed a [12] Reply asserting that the statutory period for seeking federal habeas relief began to run on

the conclusion of direct review of his conviction and sentence. Spears filed a [20] Response to Respondent's [12] Reply without seeking leave of the court, which the undersigned has not considered.

On June 16, 2022, Spears filed a [10] Motion for Evidentiary Hearing, arguing that he is entitled to one under Rule 8 of the Rules Governing Section 2254 Proceedings. Mot. [10] at 2. Respondent counters that Spears has failed to make the requisite showing for the Court to hold an evidentiary hearing. Resp. [13] at 2-4.

## II. DISCUSSION

### A. Motion to Dismiss

#### a. Relevant Legal Authority

28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute is construed as a statute of limitations, and not a jurisdictional bar, such that it can be tolled. *See Smith v. Vannoy*, 848 F. App'x 624, 627 (5th Cir. 2021)(per curiam)(citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)); *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005)(citing *Davis*, 158 F.3d at 811).

Section 2244(d)(2) provides for statutory tolling in that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[a]s the text of § 2244(d)(2) provides, a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 949 F.3d 187, 190 (5th Cir. 2020) (quoting 28 U.S.C. § 2244(d)(2)). The statute of limitations can also be equitably tolled, but equitable tolling turns on the facts and circumstances of each particular case and is "available only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

    b. <u>Analysis</u>

    1. <u>*Statute of Limitations*</u>

The Mississippi Supreme Court affirmed Spears's conviction and sentence on April 5, 2012. R. [7-4] at 21, 23. Because Spears did not seek certiorari review in the United States Supreme Court, the conclusion of direct review occurred upon the expiration of the 90-day period for seeking such review. *See Roberts v. Cockrell*, 319

5

F.3d 690, 694 (5th Cir. 2003); *see also* Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). The ninety-day period for seeking certiorari review in the United States Supreme Court expired on July 4, 2012. Because that is a legal holiday, as defined in Federal Rule of Civil Procedure 6(a)(6), the deadline for Spears to seek certiorari review expired on July 5, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C). Therefore, Spears's state court conviction became final on July 5, 2012. *See Roberts,* 319 F.3d at 694; *see also* 28 U.S.C. § 2244(d)(1)(A). Any § 2254 petition Spears wished to file was due on or before July 5, 2013. *See* 28 U.S.C. § 2244(d)(1). Because Spears did not sign his [1] Petition until April 12, 2022, Pet. [1] at 15, it was untimely, unless he can demonstrate grounds for tolling the statute of limitations.

2.  *Statutory Tolling*

Spears is not entitled to statutory tolling because he did not "properly file" an application for state post-conviction or other collateral review before the federal habeas statute of limitations expired on July 5, 2013. *See* 28 U.S.C. § 2244(d)(2). Spears did not seek leave to file his first PCR Application in state court until June 16, 2016, *see* R. [7-6] at 368-403, over two and a half years after the federal habeas statute of limitations had expired. Statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000) (explaining that state habeas petition filed after federal habeas limitations period has run does not

toll limitations); *Hebrard v. Day*, 232 F.3d 208, 2000 WL 1272966, at *1 (5th Cir. 2000) (per curiam); *see also Patton v. Csaszar*, Civ. No. 2:19-cv-36, 2020 WL 2479271, at *2 (S.D. Miss. Jan. 29, 2020) (holding that the filing of state PCR motion after federal habeas statute of limitations had run could not extend the federal statutory period)(citing *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition)), *report and recommendation adopted*, 2022 WL 1444974 (S.D. Miss. Mar. 25, 2020). Unless equitable tolling applies, Spears's [1] Petition is time-barred.

3. *Equitable Tolling*

For equitable tolling to apply, a petitioner bears the burden of proof to demonstrate "rare and exceptional circumstances" warranting its application. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling is available if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Diligence is defined as "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotation omitted). With respect to the extraordinary circumstances requirement, any delays must result from external factors beyond the petitioner's control, and not from delays of his own making. *See Jackson*, 933 F.3d at 410.

Spears signed his [1] Petition over ten years after his state-court conviction became final and over nine years after the statute of limitations expired. Spears filed

his first PCR Application over two and a half years after his conviction became final. Spears has not shown the diligent pursuit of his rights required to warrant equitable tolling. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence").

Even assuming that Spears had diligently pursued his rights, he has failed to establish the existence of any "rare and exceptional" circumstances. Spears seemingly contends that his ineffective assistance of appellate counsel claim is sufficient to demonstrate such circumstances. *See* Pet. [1] at 13-14, 16-17. But the Fifth Circuit has explicitly recognized that an alleged violation of the right to effective assistance of appellate counsel does not toll the statutory period. *See Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000).

Furthermore, it is well settled that "[n]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Nor is proceeding pro se a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Spears has not shown that equitable tolling should be applied on this basis.

Based upon the foregoing, Spears has not shown the diligent pursuit of his rights or that "some extraordinary circumstance stood in his way and prevented

timely filing." *Holland*, 560 U.S. at 649. Nor has Spears demonstrated the existence of any "rare and exceptional circumstances" warranting the application of equitable tolling. *See Alexander*, 294 F.3d at 629. Accordingly, Spears's [1] Petition is time-barred and should be dismissed.

**B.    Motion for Evidentiary Hearing**

Rule 8(a) of the Rules Governing Section 2254 Proceedings provides that if a petition is not dismissed, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of Rules Governing Section 2254 Proceedings. Pursuant to 28 U.S.C. § 2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--
>  (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>  (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

Spears has not shown that the Court has discretion to grant an evidentiary hearing. Spears has not argued or shown that his claims rely on a new rule of

9

constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. Nor has he shown the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. Spears cursorily asserts that he "has alleged numerous facts that, if found true, would warrant habeas relief," Mot. [10] at 2, but has pointed to no specific facts that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See* 28 U.S.C. § 2254(e)(2). Therefore, the undersigned recommends that Spears's [10] Motion for Evidentiary Hearing should be denied.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the [6] Motion to Dismiss and dismissing Petitioner Marion Chad Spears's [1] Petition for Writ of Habeas Corpus with prejudice. The undersigned further recommends denying the [10] Motion for Evidentiary Hearing.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 26th of January 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE